

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00136-CR

JAQUARIUS JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 32991CR

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

When Jaquarius Johnson was just three months into a five-year term of deferred adjudication community supervision for abandoning or endangering a child, a state jail felony, the State moved to revoke Johnson's community supervision and proceed with an adjudication of his guilt. *See* TEX. PENAL CODE ANN. § 22.041(c), (f). The motion to revoke alleged several distinct violations of the terms and conditions of Johnson's community supervision. Johnson pled true to the State's allegation that he had violated the term that prohibited him from committing another offense by evading arrest or detention. After an evidentiary hearing, the trial court granted the State's motion, adjudicated Johnson's guilt, and sentenced him to two years' confinement in state jail. Johnson appeals.[1]

Johnson's attorney has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, counsel has met the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

On May 10, 2021, counsel mailed to Johnson copies of the brief, the appellate record, and the motion to withdraw. Johnson was informed of his rights to review the record and file a pro se response. Johnson has filed a pro se brief arguing that his sentence was "way too harsh."

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and Johnson's pro se brief and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]


                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:     June 9, 2021
Date Decided:       July 14, 2021

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.